PER CURIAM.
This is an appeal from a final order in a suit for inverse condemnation holding there was no taking of appellant’s property.
Appellant contends that her property has been taken by appellees through flooding resulting from the reconstruction and paving of a former dirt road in front of her house. Appellant’s witnesses testified that her property has been flooded at times in the past and has been wetter since the construction than it was prior thereto. With the construction, appellees built ditches along the new road in front of appellant’s home and appellant testified the water does not overflow these ditches. The land appellant’s home rests upon is not flat but is sloping. Appellees offered to fix appellant’s driveway so that water will not run down it and into her yard from the road, but she declined the offer because it would cause a bump at the top of her driveway.
We have read the transcript of testimony, considered the photographs and maps admitted into evidence and the oral arguments of counsel for the respective parties. The order of the trial judge comes to us with a presumption that he ruled correctly. The evidence is conflicting. The trial judge was in the best position to evaluate and judge the credibility and weight to be accorded the testimony of the various witnesses. In addition, he viewed the property in question and had the benefit of such view in making his evaluation.
Affirmed.
RAWLS, C. J., and McCORD, J., concur.
BOYER, J., dissents.